[No. 7172.   Decided March 19, 1908.]

The State of Washington, *on the Relation of F. M. Guye, Respondent,* v. The City of Seattle *et al.,* Appellants.[1]

Municipal Corporations—Improvements — Damages — Right to Offset Against Assessment — Waiver — Eminent Domain.   The right of a property owner to offset compensation for lands taken, in condemnation proceedings by a city for a local improvement, against an assessment for benefits to his other lands not taken, is not waived by taking warrants for such assessments which would presumably be payable in the order of their issuance, although the ordinance giving the right of a setoff provided that persons wishing to offset an award of compensation shall receipt therefor upon the execution docket and make satisfaction of the amount sought to be offset, etc.; since the failure to observe technicalities should not defeat the right of offset where no injury or expense resulted in taking out the warrants.

Appeal from a judgment of the superior court for King county, Morris, J., entered December 16, 1907, in favor of the plaintiff, upon overruling a demurrer to the petition, granting a writ of mandamus.   Affirmed.

*Scott Calhoun* and *Howard A. Hanson,* for appellants.

*William A. Greene* and *Higgins, Hall & Halverstadt,* for respondent.

Root, J.—This is an action for a writ of mandamus to compel the city treasurer to permit relator to offset damages against an assessment for local improvements.   Respondent, F. M. Guye, was, on December 26, 1906, the owner of a certain lot on Third avenue in the city of Seattle, a portion of which lot was taken in a proceeding instituted by said city on said date for the widening of Third avenue in said city, pursuant to ordinance No. 14345 of said city, and ever since said date respondent was, and now is, the owner of that part

[1]Reported in 94 Pac. 656.

of said lot not taken in said proceeding. In that proceeding Guye was awarded $5,812.50 for that part of the lot taken, and judgment was entered accordingly, with costs taxed at $15.60. Thereafter the eminent domain commission of the city of Seattle, pursuant to said ordinance No. 14345 and the statute, prepared and filed an assessment roll, in which it did assess property specially benefited to pay for property taken and damaged in said condemnation proceeding. The portion of Guye's lot not taken was assessed in the sum of $7,045, and this assessment was confirmed by the court. This roll was then duly certified to the city treasurer for the collection of said assessments. After the entry of the judgment in the condemnation proceeding, Guye presented to the city comptroller of said city a duly certified transcript of his said judgment and received two warrants therefor, one numbered 251 for $5,828.10, being the amount of his award and costs, and one numbered 252 in the sum of $29.06, being accrued interest on the judgment. These warrants were drawn upon the special condemnation fund created to pay the awards and costs in said condemnation proceedings, but were no obligation of the city. Guye, at the time of the commencement of this action, owed the said fund $7,045 on account of the assessment against that portion of his said lot not taken, and the fund owed Guye $5,857.16 as evidenced by his said warrants Nos. 251 and 252.

After said assessment roll was so certified to the appellant Russell for collection, and before the roll became delinquent, Guye sought to offset the two accounts by tendering to the appellant Russell a duly certified transcript of his said judgment, showing due satisfaction thereof, and at the same time tendering to the appellant Russell said warrants Nos. 251 and 252 for cancellation, together with the sum of $1,187.84 in cash (said sum being the balance of said assessment remaining after offsetting the amount of his said award and costs) seeking thus to bring himself within the provisions of ordinance No. 10725 of the city of Seattle, which is set out in full in the

application for the writ. The appellant Russell refused said
tender, on the ground and for the reason that there were then
other outstanding and unpaid warrants drawn on the same
fund as said warrants Nos. 251 and 252, which outstanding
and unpaid warrants were prior in point of number and date
of issue to warrants Nos. 251 and 252, and that there was
no money in said fund to pay any of said prior warrants.
This action was thereupon commenced. The foregoing facts,
together with the ordinance, were set forth in the petition for
the writ. Appellants demurred to the petition, on the ground
that it did not state facts sufficient to warrant the issuance of
a writ. The demurrer was overruled. The appellants having
announced that they elected to stand upon their demurrer and
having refused to plead further, the court heard the applica-
tion and entered a decree directing the issuance of the writ
as prayed. From this judgment and decree the present appeal
is prosecuted.

The material sections of the ordinance referred to are as
follows:

"Section 1. Whenever, in condemnation proceedings prose-
cuted by the city of Seattle, compensation or damages, or both,
are awarded to the owners thereof, and other persons interested
in any real property taken or damaged, and an assessment
upon property benefited is made to pay the whole or any part
of the compensation or damages, or both, awarded in such
proceeding, and any person or persons to whom such compen-
sation or damages or both is made, also owns real property
which is assessed in the same proceeding to pay the compensa-
tion and damages awarded in said proceeding, such person or
persons may offset *pro tanto*, the amount of the compensation
or damages, or both, awarded to such person or persons,
against the assessment levied upon real property owned by
such person or persons, in the manner herein provided.

"Section 2. Any person or persons wishing to offset an
award of compensation or damages, or both, against any
assessment, as provided in section one of this ordinance, shall
receipt upon the execution docket of the court in which such
award is made, and make satisfaction, on said execution
docket, of the amount so sought to be made an offset; and

shall procure from the clerk of said court and present to the city treasurer a certificate under the seal of the court specifying the amount of which satisfaction has been made on the execution docket, the date of such satisfaction, the number and a brief title of the proceeding, including the number of the ordinance under which said proceeding was prosecuted.

"Section 3. The city treasurer, upon receipt by him of the certificate provided for in section two of this ordinance, shall be and he is hereby authorized and directed to cancel such assessment upon the assessment roll, to the amount specified in said certificate, making suitable notation thereof upon the assessment roll."

It is the contention of appellants that the respondent, by taking the warrants, waived his right to offset his allowance for damages against the assessment made upon his property, and that the city treasurer could not cancel the two warrants and permit the offset when requested so to do by appellants, as such transaction would amount to the paying of said warrants out of their order and in advance of other warrants theretofore issued against the same fund. We do not believe this position is tenable. These warrants are not regular city warrants. They are drawn solely against the fund collected for the payment of the damages allowed in the prosecution of this particular improvement. The purpose of the statute requiring that warrants upon the general fund shall be paid in the order of their issue is to guarantee the payment of a city's indebtedness in the order of the incurring thereof. This is just and fair to its creditors. But in an instance like the one before us, all of the people whose property is taken or injured by this improvement stand as a matter of justice in the same position, and it could hardly be said that any one had, or was entitled to, preference over any other person to whom was due compensation by reason of such taking or injuring of property for the improvement in question.

Whatever might be said as to the order of precedence in the payment of warrants drawn upon this special fund, we do not think the contention of appellants can be sustained

here, for the reason that we do not think the taking of the warrants changed the form of the indebtedness to an extent that would forbid the respondent from having the benefit of an offset. What was the purpose of this ordinance? It was clearly to allow property owners the privilege of offsetting against their assessment the amount that was due them by reason of property taken or injured in the making of the identical improvement for which the assessment was levied. The justice of such an ordinance is readily apparent, and it does not appear how the city can be injured by permitting the offset as requested by respondent. The ordinance does not say that the property owners' *judgment* may be offset against the assessment, but it says that "the amount of the compensation or damages, or both," may be offset. If the respondent before taking the warrants had presented the necessary certificate and requested an offset, it would have been permitted. This, in effect, would have been a payment out of the fund against which the prior warrants were drawn, which it is now claimed have precedence over those held by respondent. It will, therefore, be seen that the position of these prior warrant holders and the city would have been the same as if the offset had been allowed at the time respondent requested it. It appears to us that the entire matter turns upon a technicality, and one which should not be permitted to defeat substantial justice. Why respondent took out these warrants instead of taking his certificate in the exact manner pointed out by the ordinance we do not know. But it was clearly the intention of the city in passing the ordinance to give such property owners the right to offset the amount due them against their assessment, and we do not think that right and privilege should be defeated by reason of what was done by respondent in this case in the matter of taking the warrants. Neither the city nor any one else can be injured by permitting the offset. It does not appear that the city or city treasurer was put to any substantial trouble or expense by reason of the warrants having been issued, or that their cancellation would occasion

such. Did it appear that any extra expense was so incurred, we do not think the respondent would be entitled to have the offset without reimbursing the city for the expense it had been put to by reason of his unnecessarily taking out such warrants and having them canceled.

We think the spirit of the ordinance will be observed by permitting this offset, and the judgment of the superior court is therefore affirmed.

HADLEY, C. J., FULLERTON, CROW, and MOUNT, JJ., concur.